**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ROBERT MILLER,

        Plaintiff-Appellant,

  v.

4INTERNET, LLC,

        Defendant-Appellee,

 and

CHRISTOPHER SADOWSKI,

        Counter-defendant,

UNITED STATES OF AMERICA,

        Real-party-in-interest.

No.   22-16195

D.C. No.
2:18-cv-02097-JAD-VCF

MEMORANDUM*

---

ROBERT MILLER,

        Plaintiff,

  v.

4INTERNET, LLC,

        Defendant-Appellee,

No.   23-15102

D.C. No.
2:18-cv-02097-JAD-VCF

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

MATHEW HIGBEE; HIGBEE &
ASSOCIATES, APC,

      Counter-defendants-
      Appellants,

 and

CHRISTOPHER SADOWSKI,

      Counter-defendant,

UNITED STATES OF AMERICA,

      Real-party-in-interest.

Appeals from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted June 28, 2024[**]

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[***]
District Judge.

In No. 22-16195, Robert Miller appeals from the district court's grant of

summary judgment in favor of 4Internet on Miller's copyright infringement claim.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

In No. 23-15102, Miller's counsel appeals from the district court's denial of sanctions against 4Internet's counsel for filing what Miller's counsel contends were frivolous counterclaims. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and affirm both judgments.

1. We first address the district court's grant of summary judgment. We review de novo. *Innova Sols., Inc. v. Baran*, 983 F.3d 428, 431 (9th Cir. 2020). Under the "server test," a website publisher is only liable for direct infringement if the publisher stores the infringing image on its own server rather than embedding or linking from a third-party server. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160-61 (9th Cir. 2007). The district court granted 4Internet's motion for summary judgment because the copyrighted photo was undisputedly embedded on 4Internet's site from the third-party server that originally published Miller's copyrighted work, and there is no vicarious liability without direct infringement.

Miller originally contended that the server test is (1) inconsistent with the language and intent of the Copyright Act and (2) no longer good law after *American Broadcasting Cos. v. Aereo, Inc.*, 573 U.S. 431 (2014). Miller also argued that even if the server test was still valid, it did not foreclose his claim for vicarious liability. After the parties in this case submitted their briefs, our circuit considered and rejected identical arguments in a different case, *Hunley v.*

3

*Instagram*, *LLC*, 73 F.4th 1060 (9th Cir. 2023). In a subsequent motion to stay appellate proceedings, Miller conceded that *Hunley* was dispositive of his arguments but requested a stay because the appellant in *Hunley* had filed a petition for rehearing en banc. We granted the motion. On May 1, 2024, the *Hunley* panel voted to deny the petition for rehearing en banc.

Because *Hunley* forecloses Miller's arguments, and Miller has not submitted any new arguments, we affirm the district court's grant of summary judgment.

2. We next address the district court's denial of sanctions. We review for abuse of discretion. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012). A court may levy sanctions against counsel if he "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 sanctions are not available for initial pleadings, *see In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996), and "require a bad faith finding," *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990).

Miller's counsel contends that counterclaims are not initial pleadings and the district court abused its discretion by basing its denial of sanctions on the court's own quick resolution of the counterclaims. Even if Miller's counsel were correct that 4Internet's counterclaims are not initial pleadings, and the district court's reasoning in holding that the counterclaims were not "repetitive or voluminous"

4

was flawed, he falls short of establishing bad faith. Miller's assertion that the district court "acknowledged that 4Internet's [c]ounterclaims . . . had likely been made in bad faith," is belied by the record. All the district court said on the score of bad faith was that "some of [4Internet's] conduct and statements may have stretched the bounds of zealous advocacy." This does not constitute a finding of bad faith, and it was not an abuse of discretion for the district court to decline to make this finding based on the balance of evidence. Accordingly, we affirm the district court's denial of sanctions.

**No. 22-16195: AFFIRMED.**

**No. 23-15102: AFFIRMED.**